State of MAINE

# ADJUSTABLE-RATE NOTE
# (Home Equity Conversion)

September 3, 2013

FHA Case No.
Loan No.
MIN:

**1680 PEQUAWKET TRAIL, HIRAM, Maine 04041** (Property Address)

## 1. DEFINITIONS
"Borrower" means each person signing at the end of this Note. "Lender" means **American Advisors Group** and its successors and assigns. "Secretary" means the Secretary of Housing and Urban Development or his or her authorized representatives.

## 2. BORROWER'S PROMISE TO PAY; INTEREST
In return for amounts to be advanced by Lender to or for the benefit of Borrower under the terms of a Home Equity Conversion Loan Agreement dated **September 3, 2013** ("Loan Agreement"), Borrower promises to pay to the order of Lender a principal amount equal to the sum of all Loan Advances made under the Loan Agreement with interest. All amounts advanced by Lender, plus interest, if not due earlier, are due and payable on **June 13, 2096**. Interest will be charged on unpaid principal at the rate of **Two AND Nine Hundred Thirty Four Thousandth** percent (**2.934%**) per year until the full amount of principal has been paid. The interest rate may change in accordance with Paragraph 5 of this Note. Accrued interest shall be added to the principal balance as a Loan Advance at the end of each month.

## 3. PROMISE TO PAY SECURED
Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." That Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

## 4. MANNER OF PAYMENT
### (A) Time
Borrower shall pay all outstanding principal and accrued interest to Lender upon receipt of a notice by Lender requiring immediate payment-in-full, as provided in Paragraph 7 of this Note.

### (B) Place
Payment shall be made at **American Advisors Group, 3800 W Chapman Ave, 3rd Floor, Orange, CA 92868** or any such other place as Lender may designate in writing by notice to Borrower.

### (C) Limitation of Liability
Borrower shall have no personal liability for payment of the debt. Lender shall enforce the debt only through sale of the Property covered by the Security Instrument ("Property"). If this Note is assigned to the Secretary, the Borrower shall not be liable for any difference between the mortgage insurance benefits paid to Lender and the outstanding indebtedness, including accrued interest, owed by Borrower at the time of the assignment.

EXHIBIT B

*R.J.C.*

## 5. INTEREST RATE CHANGES

### (A) Change Date
The interest rate may change on **December 1, 2013** and on the first day of each succeeding month. "Change Date" means each date on which the interest rate could change.

### (B) The Index
Beginning with the first Change Date, the interest rate will be based on an Index. The "Index" means the average of interbank offered rates for one-month U.S. dollar-denominated deposits in London market ("LIBOR"), as published in The Wall Street Journal, rounded to three digits to the right of the decimal point. The "Current Index" means the most recent Index figure available **30** days before the Change Date, and if the day that is **30** days before the Change Date is not a Sunday or Monday and not the first business day of the week, the Current Index will be the Index as published the first business day of that week. If the day that is **30** days before the Change Date is a Sunday or Monday and not the first business day of the week, the Current Index will be the Index as published the first business day of the immediately prior week. If the Index (as defined above) is no longer available, Lender will use as a new Index any index prescribed by the Secretary. Lender will give Borrower notice of the new Index.

### (C) Calculation of Interest Rate Changes
Before each Change Date, Lender will calculate a new interest rate by adding a margin of **Two AND Seventy Five Hundredth** percentage points (**2.750%**) to the current Index. Subject to the limit stated in Paragraph 5(D) of this Note, this amount will be the new interest rate until the next Change Date.

### (D) Limit on Interest Rate Changes
The interest rate will never increase above **Twelve AND Nine Hundred Thirty Four Thousandth percent (12.934%)**

### (E) Notice of Changes
Lender will give notice to Borrower of any change in the interest rate. The notice must be given at least 25 days before the new interest rate takes effect, and must set forth (i) the date of the notice, (ii) the Change Date, (iii) the old interest rate, (iv) the new interest rate, (v) the Current Index and the date it was published, (vi) the method of calculating the adjusted interest rate, and (vii) any other information which may be required by law from time to time.

### (F) Effective Date of Changes
A new interest rate calculated in accordance with paragraphs 5(C) and 5(D) of this Note will become effective on the Change Date, unless the Change Date occurs less than 25 days after Lender has given the required notice. If the interest rate calculated in accordance with Paragraphs 5(C) and 5(D) of this Note decreased, but Lender failed to give timely notice of the decrease and applied a higher rate than the rate which should have been stated in a timely notice, then Lender shall recalculate the principal balance owed under this Note so it does not reflect any excessive interest.

## 6. BORROWER'S RIGHT TO PREPAY
A Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty. Any amount of debt prepaid will first be applied to reduce the principal balance of the Second Note described in Paragraph 11 of this Note and then to reduce the principal balance of this Note.

All prepayments of the principal balance shall be applied by Lender as follows:

> <u>First</u>, to that portion of the principal balance representing aggregate payments for mortgage insurance premiums;

<u>Second,</u> to that portion of the principal balance representing aggregate payments for servicing fees;

<u>Third,</u> to that portion of the principal balance representing accrued interest due under the Note; and

<u>Fourth,</u> to the remaining portion of the principal balance. A Borrower may specify whether a prepayment is to be credited to that portion of the principal balance representing monthly payments or the line of credit. If Borrower does not designate which portion of the principal balance is to be prepaid, Lender shall apply any partial prepayments to an existing line of credit or create a new line of credit.

## 7. IMMEDIATE PAYMENT-IN-FULL
### (A) Death or Sale
Lender may require immediate payment-in-full of all outstanding principal and accrued interest if:

> (i) A Borrower dies and the Property is not the principal residence of at least one surviving Borrower, or
> (ii) All of a Borrower's title in the Property (or his or her beneficial interest in a trust owning all or part of the Property) is sold or otherwise transferred and no other Borrower retains title to the Property in fee simple or retains a leasehold under a lease for not less than 99 years which is renewable or a lease having a remaining period of not less than 50 years beyond the date of the 100th birthday of the youngest Borrower or retains a life estate (or retaining a beneficial interest in a trust with such an interest in the Property).

### (B) Other Grounds
Lender may require immediate payment-in-full of all outstanding principal and accrued interest, upon approval by an authorized representative of the Secretary, if:

> (i) The Property ceases to be the principal residence of a Borrower for reasons other than death and the Property is not the principal residence of at least one other Borrower;
> (ii) For a period of longer than 12 consecutive months, a Borrower fails to physically occupy the Property because of physical or mental illness and the Property is not the principal residence of at least one other Borrower; or
>
> (iii) An obligation of the Borrower under the Security Instrument is not performed.

### (C) Payment of Costs and Expenses
If Lender has required immediate payment-in-full as described above, the debt enforced through sale of the Property may include costs and expenses, including reasonable and customary attorney's fees, associated with enforcement of this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

### (D) Trusts
Conveyance of a Borrower's interest in the Property to a trust which meets the requirements of the Secretary, or conveyance of a trust's interests in the Property to a Borrower, shall not be considered a conveyance for purposes of this Paragraph. A trust shall not be considered an occupant or be considered as having a principal residence for purposes of this Paragraph.

*R.J.C.*

### 8. WAIVERS
Borrower waives the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

### 9. GIVING OF NOTICES
Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

### 10. OBLIGATIONS OF PERSONS UNDER THIS NOTE
If more than one person signs this Note, each person is fully obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note only through sale of the Property.

### 11. RELATIONSHIP TO SECOND NOTE
#### (A) Second Note
Because Borrower will be required to repay amounts which the Secretary may make to or on behalf of Borrower pursuant to Section 255 (i)(1)(A) of the National Housing Act and the Loan Agreement, the Secretary has required Borrower to grant a Second Note to the Secretary.

#### (B) Relationship of Secretary Payments to this Note
Payments made by the Secretary shall not be included in the debt due under this Note unless:

(i) This Note is assigned to the Secretary; or
(ii) The Secretary accepts reimbursements by the Lender for all payments made by the Secretary.

If the circumstances described in (i) or (ii) occur, then all payments by the Secretary, including interest on the payments, shall be included in the debt.

#### (C) Effect on Borrower
Where there is no assignment or reimbursement as described in (B)(i) or (ii) and the Secretary makes payments to Borrower, then Borrower shall not:

(i) Be required to pay amounts owed under this Note until the Secretary has required payment-in-full of all outstanding principal and accrued interest under the Second Note held by the Secretary, notwithstanding anything to the contrary in Paragraph 7 of this Note; or
(ii) Be obligated to pay interest under this Note at any time, whether accrued before or after the payments by the Secretary, and whether or not accrued interest has been included in the principal balance of this Note, notwithstanding anything to the contrary in Paragraphs 2 or 5 of this Note or any Allonge to this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

*Richard J. Cultrera* (SEAL)     9-3-2013
RICHARD J. CULTRERA              Date

# Allonge

Loan Number:

FHA Case Number:

Borrower Name(s):   **RICHARD J. CULTRERA**

Property Address:   **1680 PEQUAWKET TRAIL
HIRAM, Maine 04041**

Note/Loan Amount:   **$225,000.00**

Note/Loan Date:   **9/3/2013**

*PAY TO THE ORDER OF:*

---

WITHOUT RECOURSE

Company Name:   **American Advisors Group**

Signature:   *Stacey Ramey* (signed)

Name:   Stacey Ramey

Title:   Inventory Control Manager

Loan Officer Company NMLS #:
Loan Officer NMLS #:
2008-2013 ReverseVision, Inc.

Page 1 of 1